## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MATTHEW JOHN HAYDUK,
      Appellant,

      v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBERS
PH-0752-12-0004-B-4
PH-1221-13-0040-W-3

DATE: August 14, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Matthew John Hayduk</u>, Vance Air Force Base, Oklahoma, pro se.

<u>Blaine Markuson</u>, Esquire, Fort McCoy, Wisconsin, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeals for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The agency terminated the appellant from the GS-9 excepted service position of Training Specialist during his probationary period based on the charges of submission of incorrect time and attendance records, failure to follow a directive, and inability to conform to Command policy and direction.  MSPB Docket No. PH-0752-12-0004-I-1, Initial Appeal File (IAF), Tab 5, Subtab 4b.  The administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 6.  On review, the Board found that, if the appellant occupied a Jobs for Veterans Act (JVA) position, he was entitled to the same probationary appeal rights as competitive service employees, and therefore, could establish Board jurisdiction over his termination appeal if he could show that the termination was for partisan political reasons or was based on marital status discrimination.  Petition for Review File, Tab 10; *Hayduk v. Department of the Army*, 118 M.S.P.R. 319 (2012) (Table).  The Board remanded the appeal because the appellant was not previously informed of what was required to establish jurisdiction on that basis.  *Id.*, Tab 10.

¶3      On remand, the administrative judge joined the appellant's probationary termination appeal and his subsequently filed individual right of action (IRA)

appeal. MSPB Docket Nos. PH-0752-12-0004-B-4 and PH-1221-13-0040-W-3, Remand Appeal File (RAF), Tab 9, Initial Decision (ID).[2] The administrative judge found that the appellant occupied a JVA position and that he was terminated for post-appointment reasons. ID at 2-3. The administrative judge also found that the appellant failed to make a nonfrivolous allegation that his termination was based on partisan political reasons or marital status discrimination. ID at 4-5. Thus, the administrative judge found the appellant failed to meet his burden to nonfrivolously allege that the Board had jurisdiction over his termination appeal. *See* ID.

¶4      Regarding the appellant's IRA appeal, the administrative judge found that the appellant failed to allege that the agency terminated him in retaliation for engaging in whistleblowing activity under 5 U.S.C. § 2302(b)(8). ID at 5-8. The administrative judge found that the appellant's allegation of retaliation for his union activities and affiliation constituted an allegation of a violation of 5 U.S.C. § 2302(b)(9). *See* ID. He found that it has been settled that sections 2302(b)(8) and 2302(b)(9) protect different activities and that retaliation for activities under section 2303(b)(9) did not provide a basis for an IRA appeal at the time of the appellant's termination. ID at 6-7. The administrative judge further noted that a provision of the Whistleblower Protection Enhancement Act (WPEA) expanded the basis of an IRA appeal to include retaliation for activity protected under section 2302(b)(9) if that activity also involves remedying a (b)(8) violation. ID

---

[2] After the administrative judge joined the remanded probationary termination and individual right of action appeals, and while the joined appeals were pending, Congress passed the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112–199, 126 Stat. 1465 (WPEA) that amended the Whistleblower Protection Act; the WPEA became effective December 27, 2012. The administrative judge dismissed the joined appeals without prejudice for refiling pending the Board's decision on whether the provisions of the WPEA would apply retroactively. *See* MSPB Docket No. PH-0752-12-0004-B-2, Remand Appeal File, Tab 11, Initial Decision (Jan. 17, 2013); MSPB Docket No. PH-0752-12-0004-B-3, Remand Appeal File, Tab 2, Initial Decision (May 20, 2013); MSPB Docket No. PH-1221-13-0040-W-2, Initial Appeal File, Tab 2, Initial Decision (May 20, 2013).

at 6.  He found, however, that the WPEA provision was not retroactive and that it did not apply to the appellant's protected activity because his activity predated the effective date of the WPEA.  ID at 7.  Thus, the administrative judge found that the appellant failed to make a nonfrivolous allegation that he engaged in whistleblowing and failed to nonfrivolously allege jurisdiction over his IRA appeal.  ID at 7-8.

¶5      In his petition for review, the appellant first alleges that the administrative judge erred in finding that the appellant failed to disclose his political party.  Remand Petition for Review (PFR) File, Tab 2 at 2-3.  The appellant states that he is a "card carrying and registered member of the Republican Party" and that he could have proven that during a jurisdictional hearing.  *Id.* at 2.  However, the appellant submits his assertion of his political party affiliation for the first time on petition for review.  Under 5 C.F.R. § 1201.115, the Board normally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  The appellant has made no such showing.  In any event, even if he established that his coworkers knew of his Republican Party affiliation, the administrative judge properly found that he failed to make a nonfrivolous allegation of Board jurisdiction based on his assertion that the agency discriminated against him for partisan political reasons.

¶6      The Board's jurisdiction is not plenary.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of proving Board jurisdiction by preponderant evidence.  5 C.F.R. § 1201.56(a)(2)(i).  A probationary employee in the excepted service who has not completed his probationary period has no statutory right of appeal to the Board.  *See Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 9 (2010).  However, as noted above, a probationary employee in the excepted service who receives a JVA appointment may appeal a termination if he alleges

that it was based on partisan political reasons or marital status. *See* 5 C.F.R. § 315.806(b). In determining whether an appellant has established jurisdiction under 5 C.F.R. § 315.806(b), the Board follows a two-step process. *See Burton v. Department of the Air Force*, 118 M.S.P.R. 210, ¶ 8 (2012). First, the appellant must make a nonfrivolous allegation of jurisdiction, i.e., factual allegations that, if proven, would establish that his termination was based on partisan political reasons or marital status. *See id.* An appellant who makes such nonfrivolous allegations is entitled to a jurisdictional hearing, at which he must then prove the basis for jurisdiction, i.e., that his termination was based on partisan political reasons or marital status, by a preponderance of the evidence. *See id.*

¶7 The Board has held that discrimination based on "partisan political reasons" under 5 C.F.R. § 315.806(b) means discrimination based on affiliation with any political party or candidate. *Sweeting v. Department of Justice*, 6 M.S.P.R. 715, 719 (1981). We agree with the administrative judge that the appellant's allegations that coworkers would attempt to engage him in discussions about pictures that he had taken with certain elected officials do not fall within the meaning of partisan political reasons as the phrase is used in the regulation. The appellant's bare assertion that his termination was based on his coworkers' belief that he was a Republican is mere conjecture. We therefore conclude that the appellant failed to make a nonfrivolous allegation that his termination was based on partisan political reasons. The administrative judge properly dismissed the appellant's termination appeal for lack of jurisdiction.

¶8 In his petition for review, the appellant also alleges that the administrative judge erred in finding that he failed to make a protected disclosure and thus erred in dismissing his IRA appeal. Remand PFR File, Tab 2 at 3. On petition for review, the appellant alleges that he disclosed that his supervisor assaulted him. *Id.* In order to secure corrective action from the Board in an IRA appeal, an appellant must first seek corrective action from the Office of Special Counsel (OSC). 5 U.S.C. § 1214(a)(3); *Cassidy v. Department of Justice*, 118 M.S.P.R.

74, ¶ 5 (2012). If an appellant has exhausted his administrative remedies before OSC, he can establish Board jurisdiction over an IRA appeal by nonfrivolously alleging that he made a protected disclosure and that the disclosure was a contributing factor in the agency's decision to take a personnel action. *Peterson v. Department of Veterans Affairs*, 116 M.S.P.R. 113, ¶ 8 (2011). To satisfy the exhaustion requirement of 5 U.S.C. § 1214(a)(3), an appellant must inform OSC of the precise grounds of his charge of whistleblowing, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 10 (2006). The sufficiency of an employee's whistleblowing charge is determined by the statement made in the complaint to OSC requesting corrective action, not by his post hoc characterization of those statements. *Id.*

¶9        In his complaint to OSC, the appellant stated that the agency terminated him "for accepting [a] position as union vice president and for filing [a Federal Labor Relations Authority (FLRA)] complaint along with political activities on behalf of the union." MSPB Docket No. PH-0752-12-0004-B-2, B-2 Remand Appeal File, Tab 9 at 28. But, on review, the appellant claims that he was retaliated against for disclosing that his supervisor assaulted him. Remand PFR File, Tab 2 at 3-4. This is a post hoc characterization of his statements in his OSC complaint. The appellant may have attached a copy of his FLRA complaint to his OSC complaint. In his FLRA complaint, the appellant stated that his supervisor became "visibly agitated and verbally assaulted" him when the appellant handed the supervisor a request for use of official time for union activities. B-2 Remand Appeal File, Tab 9 at 18. However, we find the administrative judge properly found that, in his OSC complaint, the appellant alleged retaliation for his union activity and filing his FLRA complaint, not for the events that allegedly occurred when he requested official time for union activities. Because the appellant failed to establish that he exhausted his administrative remedies before OSC with respect to these alleged disclosures, the Board lacks jurisdiction to consider them.

The administrative judge justifiably refused to consider issues that the appellant had not properly raised before OSC.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.